UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KINSALE INSURANCE COMPANY, a foreign insurer;<br><br>Plaintiff,<br><br>v.<br><br>OCULUS ONE, LLC d/b/a OCULUS SURVEILLANCE, a Washington limited liability company, EVERGREEN MARKET (RENTON NORTH), INC., a Washington for-profit corporation, ZEBELUM ANNU EL, an individual, MICHAUX RASHAD ERVIN a/k/a 'EARTHQUAKE', an individual, DOE CORPORATIONS 1-10, and PAT DOES 1-5,<br><br>Defendants. | No. 2:22-cv-1189<br><br>**COMPLAINT FOR DECLARATORY RELIEF** |

Plaintiff Kinsale Insurance Company (hereinafter "Kinsale") submits the following Complaint for Declaratory Relief.

### I.   INTRODUCTION

1.1   This is an insurance coverage action seeking declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202. Kinsale seeks a determination that it does not owe a duty to defend or indemnify any and all named defendants under a policy of insurance issued to Oculus One, LLC d/b/a Oculus Surveillance with respect to the claims involving them which arose out of an alleged

physical assault.

## II.     PARTIES

2.1     Kinsale is a foreign eligible surplus lines insurer organized under the laws of the state of Arkansas and headquartered in Richmond, Virginia.

2.2     Defendant Oculus One, LLC, d/b/a/ Oculus Surveillance (hereinafter "Oculus"), is a limited liability company organized under the laws of the state of Washington and is headquartered in Thurston County, Washington.

2.3     Defendant Evergreen Market, North Renton (hereinafter "Evergreen Market") is a limited liability company organized under the laws of the state of Washington and is headquartered in King County, Washington.

2.4     Defendant Zebelum Annu-El, also known as Zebelum Willis (hereinafter "Mr. Annu-El"), is an individual who is, by knowledge and belief, a resident and citizen of the state of Washington.

2.5     Defendant Michaux Rashad Ervin, also known as "Earthquake" (hereinafter "Mr. Ervin"), is an individual who was, by knowledge and belief, a resident and citizen of the state of Washington at the time the incident giving rise to this matter took place.

2.6     Defendants Doe Corporations 1-10 are unknown entities that are alleged to have been at all times relevant and material hereto responsible for the hiring, retention, training, safety, and security, among other responsibilities, for those carrying out and patronizing business at the premises located at 409 Rainier Avenue North, Renton, Washington 98057 at the time the incident giving rise to this matter took place. Doe Corporations 1-10 may also include one or more of the Evergreen Entities.

2.7     Defendants Pat Does 1-5 are unknown individuals who are alleged to have been at

all times relevant and material hereto responsible for the hiring, retention, training, safety, and security, among other responsibilities, for those carrying out and patronizing business at the premises located at 409 Rainier Avenue North, Renton, Washington 98057 at the time the incident giving rise to this matter took place.

### III. JURISDICTION AND VENUE

3.1   This Court has jurisdiction over this claim pursuant to 28 U.S.C. § 1332 as the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and diversity amongst the parties is complete.

3.2   Venue is proper with this Court pursuant to 28 U.S.C. § 1391 as this matter involves a claim for insurance coverage stemming from the alleged losses that occurred in King County, Washington.

### IV. FACTS

**A.   Underlying Fact Pattern**

4.1   This matter arises out of an alleged physical assault which took place at Evergreen Market's South Renton location at 409 Rainier Avenue North, Renton, Washington 98057 on or about December 16, 2019 (hereinafter the "Underlying Incident").

4.2   Evergreen Market is a cannabis dispensary which sells cannabis products both in-person and on the internet.

4.3   As alleged in the Underlying Claim, Mr. Annu-El arrived at the South Renton Evergreen Market at approximately 6:30 PM to pick up an order he had made online.

4.4   After paying for and picking up his order, Mr. Annu-El allegedly returned to the Evergreen Market shortly afterwards to contest the amount which he had been charged.

4.5     Upon returning to Evergreen Market, Mr. Annu-El walked to the store counter and allegedly began arguing with the Evergreen Market store employee who had charged him for his order.

4.6     At the time this argument was taking place, Mr. Ervin was a contracted employee of Oculus One, who had been assigned to work as store security for Evergreen Market at Evergreen Market's request and direction.

4.7     As the argument between Mr. Annu-El and the Evergreen Market employee continued, Mr. Ervin allegedly approached the counter to monitor the situation and asked Mr. Annu-El "if there was a problem."

4.8     Mr. Annu-El alleges that Mr. Ervin was physically much larger and stronger than he was.

4.9     Despite Mr. Ervin's presence and intervention, Mr. Annu-El allegedly continued to argue with the store employee and at one point "poked" her with his finger.

4.10    As the argument continued, Mr. Ervin allegedly took it upon himself to physically remove Mr. Annu-El from the store.

4.11    As Mr. Ervin removed Mr. Annu-El from the store, Mr. Annu-El alleges that Mr. Ervin threw him out of the doors of Evergreen Market in an uncontrolled manner and at full force, resulting in Mr. Annu-El losing control of his body and falling onto the Evergreen Market parking lot, hitting his head on the pavement.

4.12    Mr. Annu-El alleges that he was knocked unconscious by being thrown onto the pavement and remained unconscious for approximately one minute.

4.13    Subsequently, Mr. Annu-El retained Seattle Injury Law as counsel, who then submitted a letter of representation and a demand to Evergreen Market on January 11, 2021, to preserve all evidence relating to the Underlying Incident.

4.14    To Kinsale's knowledge and belief, Evergreen Market subsequently tendered the defense and indemnity in the Underlying Incident to Admiral Insurance Group (Admiral), its insurer.

4.15    On March 10, 2021, Admiral, via Norcross Claims Services Company, submitted tender on behalf of Evergreen Market to Kinsale as the insurer of Oculus One.

4.16    Upon receipt of claim, Kinsale promptly acknowledged the claim, opened a claims file, and commenced an investigation of the Underlying Incident.

4.17    Subsequent to the Underlying Incident, Mr. Annu-El's counsel issued a demand to Oculus One and to Evergreen Market on November 26, 2021, for damages resulting from injuries and losses which Mr. Annu-El alleges resulted from the Underlying Incident.

B.    **Damages Alleged By Defendant Zebelum Annu-El**

4.18    In his demand, Mr. Annu-El alleges that he suffered severe physical injuries which are continuous and accruing, as well as wage losses, loss of earning capacity, loss and damage to personal property, pain and suffering, and emotional distress.

4.19    In regard to his physical injuries, Mr. Annu-El specifically alleges that he suffered recurring headaches, facial contusions, facial lacerations, concussion symptoms, post-concussive symptoms, post-traumatic stress disorder, pain in his right knee, pain in his right leg, and cranial micro-hemorrhaging as a result of Mr. Ervin's actions, and claims damages for same.

4.20    Mr. Annu-El further alleges that he has suffered wage losses and a loss of earning capacity as a result of his alleged injuries suffered in the underlying incident, and claims damages for same.

4.21    Mr. Annu-El further alleges that he incurred compensable transport costs related to attending medical appointments and physical therapy sessions in connection to the injuries which he allegedly sustained in the Underlying Incident.

4.22    Mr. Annu-El has stated that he intends to claim attorney's fees and costs accrued in any potential suit filed arising out of the Underlying Incident.

4.23    In a demand letter sent to Kinsale on November 26, 2021, counsel for Mr. Annu-El claimed Mr. Annu-El's special damages and related costs were approximately $20,514.60, and his general damages were in the amount of $230,000.00, for a total demand of $250,514.60 arising from the Underlying Incident.

C.    **The Kinsale Policy**

4.24    Kinsale issued a Commercial General Liability Policy to Oculus One under policy number 0100068794-1, with a policy period of June 22, 2019, to June 22, 2020 (hereinafter the "Kinsale Policy").

4.25    The Kinsale Policy contains the following Insuring Agreement that provides coverage pursuant to the following terms and conditions:

> **SECTION I – COVERAGES**
>
> **COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
>
> **1. Insuring Agreement**
>
> a.    We will pay those sums that the insured becomes

legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

 **(1)** The amount we will pay for damages is limited as described in Section **III** – Limits Of Insurance; and

 **(2)** Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C.**

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments –Coverages **A** and **B.**

CG 00 01 10 01

 4.26 The Kinsale Policy contains the following Definitions:

  **3.** "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

  **4.** "Coverage territory" means:

   **a.** The United States of America (including its territories and possessions), Puerto Rico and Canada;

      **b.**    International waters or airspace, but only if the injury or damage occurs in the course of travel or transportation between any places included in a. above; or

      **c.**    All other parts of the world if the injury or damage arises out of:

           **(1)**    Goods or products made or sold by you in the territory described in a. above;

           **(2)**    The activities of a person whose home is in the territory described in a. above, but is away for a short time on your business; or

           **(3)**    "Personal and advertising injury" offenses that take place through the Internet or similar electronic means of communication provided the insured's responsibility to pay damages is determined in a "suit" on the merits, in the territory described in a. above or in a settlement we agree to.

(…)

**13.**     "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

(…)

**17.**     "Property damage" means:

      **a.**    Physical injury to tangible property, including all resulting loss of use of that property. All such loss of

       use shall be deemed to occur at the time of the physical injury that caused it; or

    **b.** Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

  **18.** "Suit" means a civil proceeding in which damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies are alleged. "Suit" includes:

    **a.** An arbitration proceeding in which such damages are claimed and to which the insured must submit or does submit with our consent; or

    **b.** Any other alternative dispute resolution proceeding in which such damages are claimed and to which the insured submits with our consent.

CG 00 01 10 01

  4.27 The Kinsale Policy contains the following exclusion pertaining to expected or intended injuries:

  **2. Exclusions**

  This insurance does not apply to:

  **a.** **Expected Or Intended Injury**

    "Bodily injury" or "property damage" expected or intended from the standpoint of the insured.

CG 00 01 10 01 (modified by CAS3002 1016)

  4.28 The Kinsale Policy contains the following exclusion also pertaining to assault and battery:

  **EXCLUSION - ASSAULT AND BATTERY**

  (…)

  **COMMERCIAL GENERAL LIABILITY COVERAGE**

The following exclusion is added to this policy:

This insurance does not apply to any claim or "suit" for "bodily injury", "property damage" or "personal and advertising injury" arising out of, related to, or, in any way involving any actual or alleged assault, battery, harmful or offensive contact, or threat, whether provoked or unprovoked. This exclusion includes but is not limited to:

1. The prevention or suppression, or the failure to suppress or prevent any assault, battery, harmful or offensive contact, or threat;

(…)

4. Injury or damage committed while using reasonable force to protect persons or property or acting in self-defense;

(…)

8. Any assault, battery, harmful or offensive contact, or threat whether caused by, or at the instigation, instruction, direction or due to the negligence of the insured, the insured's employees, agents, patrons, customers or any other person arising from any causes whatsoever; or

9. The negligent hiring, employment, training, supervision, or retention of any employee or agent of any insured with respect to items 1. through 8. above.

This exclusion applies regardless of fault or intent and regardless of the particular cause of action.

This exclusion applies to any claim or "suit" regardless of whether assault, battery, harmful or offensive contact, or threat is the initial precipitating cause or is in any way a cause, and regardless of whether any other actual or alleged cause contributed concurrently, proximately, or in any sequence, including whether any actual or alleged "bodily injury", "property damage" or "personal and advertising injury" arises out of a chain of events that includes any assault, battery, harmful or offensive conduct.

For purposes of this endorsement, **COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY, 2. Exclusions**, item

COMPLAINT FOR DECLARATORY RELIEF – 10

a. **Expected or Intended Injury** is deleted and replaced with the following:

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured.

CAS3002 1016

## V. THERE ARE ACTUAL AND JUSTICIABLE CONTROVERSIES AS TO KINSALE'S COVERAGE OBLIGATIONS UNDER THE KINSALE POLICY

5.1 There is no coverage available to Oculus One, Evergreen Market, Mr. Annu-El, Mr. Ervin, Doe Corporations 1-10, or Pat Does 1-5 for any claims arising out of the Underlying Incident.

5.2 The Kinsale Policy provides coverage for those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" as those terms are defined in the Kinsale Policy, and to which the Kinsale Policy applies.

5.3 There is an actual and justiciable controversy as to whether the claims for damages made by Oculus One constitute "bodily injury" as defined by the Kinsale Policy.

5.4 There is an actual and justiciable controversy as to whether the claims for damages made by Oculus One constitute "property damage" as defined by the Kinsale Policy.

5.5 The Kinsale Policy applies to "bodily injury" and "property damage" only if the "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory."

5.6 There is an actual and justiciable controversy as to whether Underlying Incident which gave rise to the claims for damages made by Oculus One arose from an "occurrence" as defined by the Kinsale Policy.

5.7   The Kinsale Policy specifically excludes coverage for "'bodily injury' or 'property damage' expected or intended from the standpoint of the insured."

5.8   There is an actual and justiciable controversy as to whether the "bodily injury" alleged by Mr. Annu-El was "expected or intended" from the standpoint of Oculus One and its employee, Mr. Ervin.

5.9   The Kinsale Policy specifically excludes "any claim or "suit" for "bodily injury" arising out of "the prevention or suppression, or the failure to suppress or prevent any assault, battery, harmful or offensive contact, or threat."

5.10   There is an actual and justiciable controversy as to whether the "bodily injury" alleged by Mr. Annu-El arose out of "the prevention or suppression, or the failure to suppress or prevent any assault, battery, harmful or offensive contact, or threat."

5.11   The Kinsale Policy specifically excludes "any claim or 'suit' for 'bodily injury'…, arising out of, related to, or, in any way involving any actual or alleged assault, battery, harmful or offensive contact, or threat, whether provoked or unprovoked," including "injury or damage committed while using reasonable force to protect persons or property or acting in self-defense."

5.12   There is an actual and justiciable controversy as to whether the "bodily injury" alleged by Mr. Annu-El constituted injury or damage committed while Oculus One's employee Mr. Ervin was using reasonable force to protect persons or property or acting in self-defense.

5.13   The Kinsale Policy specifically excludes "any claim or "suit" for "bodily injury…, arising out of, related to, or, in any way involving any actual or alleged assault, battery, harmful or offensive contact, or threat, whether provoked or unprovoked," including such arising out of "Any assault, battery, harmful or offensive contact, or threat whether caused by, or at the

instigation, instruction, direction or due to the negligence of the insured, the insured's employees, agents, patrons, customers or any other person arising from any causes whatsoever."

5.14   There is an actual and justiciable controversy as to whether the "bodily injury" alleged by Mr. Annu-El was caused by, or at the instigation, instruction, direction or due to the negligence of the Oculus One, Oculus One's employees, agents, patrons, customers, or any other person arising from any causes whatsoever, specifically including Mr. Ervin.

5.15   The Kinsale Policy specifically excludes "any claim or 'suit' for 'bodily injury'…, arising out of, related to, or, in any way involving any actual or alleged assault, battery, harmful or offensive contact, or threat, whether provoked or unprovoked." arising out of "the negligent hiring, employment, training, supervision, or retention of any employee or agent of any insured."

5.16   There is an actual and justiciable controversy as to whether the "bodily injury" alleged by Mr. Annu-El arose out of the negligent hiring, employment, training, supervision, or retention of any employee or agent of Oculus One, specifically including Mr. Ervin.

5.17   In addition to the provisions cited above, Kinsale pleads all other conditions, terms, provisions, limitations, definitions, and exclusions of the Kinsale Policy which may be found to be applicable to Kinsale's investigation and defense of these claims, and Kinsale reserves the right to amend its Complaint for Declaratory Judgment as additional and/or more specific information becomes available.

## VI.   CLAIM FOR DECLARATORY JUDGMENT

6.1   Kinsale incorporates by reference and re-alleges paragraphs 1.1 through 5.17 above as if fully set forth herein.

6.2   Actual and justiciable controversies exist as to whether Kinsale owes any defense to Oculus One under the Kinsale Policy for any claims arising out of the Underlying Incident.

6.3     Kinsale requests that this Court grant declaratory relief in favor of Kinsale and enter a judicial determination that Kinsale does not have an obligation to defend Oculus One under the Kinsale Policy for any claims arising out of the Underlying Incident.

6.4     Actual and justiciable controversies exist as to whether Kinsale owes any indemnity to Oculus One under the Kinsale Policy for any claims arising out of the Underlying Incident.

6.5     Kinsale requests that this Court grant declaratory relief in favor of Kinsale and enter a judicial determination that Kinsale does not have an obligation to indemnify Oculus One under the Kinsale Policy for any claims arising out of the Underlying Incident.

## VII.     RESERVATIONS

7.1     Kinsale reserves the right to amend this Complaint to include any other coverage defenses that may become evident during discovery, or which are otherwise currently unknown or unknowable on Kinsale' part.

7.2     Kinsale further reserves the right to amend this Complaint to include such other coverage defenses that may arise due to future conduct of any parties or third parties hereto.

## VIII.    CLAIM FOR DECLARATORY JUDGMENT

8.1     Pursuant to 28. U.S.C §§ 2201 and 2202, Kinsale seeks a judicial declaration of its rights and duties under the Kinsale Policy.

8.2     Kinsale is entitled to a Declaratory Judgment in its favor, specifically including a judicial determination that it does not owe any defense or indemnity coverage to Oculus One for claims asserted against them by Zebelum Annu-El in connection with the Underlying Incident.

## IX.     REQUEST FOR RELIEF

Kinsale, having specifically alleged the foregoing, now prays for the following relief:

9.1 For a declaration of the rights and obligations of the parties under the Kinsale Policy.

9.2 For a declaration that Kinsale does not have a duty to defend Oculus One under the Kinsale Policy for any claims arising out of the Underlying Incident.

9.3 For a declaration that Kinsale does not have a duty to indemnify Oculus One under the Kinsale Policy for any claims arising out of the Underlying Incident.

9.4 For all pre-judgment and post-judgment interest as allowed by applicable statute and law.

9.5 For all attorney fees and costs allowed by applicable statute and law.

9.6 For any other and further relief as this honorable Court deems just and equitable.

DATED this 26th day of August 2022.

LETHER LAW GROUP

*/s/Thomas Lether*
Thomas Lether, WSBA #18089
1848 Westlake Ave N., Suite 100
Seattle, WA 98109
P: 206-467-5444 F: 206-467-5544
tlether@letherlaw.com
*Attorney for Kinsale Insurance Company*